FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2013 JAN 22  AM II: 10

Orlando Division

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Case No. 6:13-cv-

IIY-ORL-37-KRS

ROCIO BEDOYA,

      Plaintiff,

vs.

DYCK-O'NEAL, INC. a
foreign corporation,

      Defendant.

_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, ROCIO BEDOYA, by and through her undersigned counsel,

hereby files her Complaint, sues the Defendant, DYCK-O'NEAL, INC.,

(hereinafter referred to as "Defendant" or "DYCK-O'NEAL"), and alleges as

follows:

      1.    This is an action under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection

Practices Act seeking actual damages, statutory damages, attorney's fees and costs.

      2.    Venue in this judicial district is proper under 28 U.S.C. §1391(b).  All

of the actions and omissions forming the basis for this lawsuit occurred within this

district.

3.     This Court has jurisdiction over the subject matter by virtue of

Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d),

and 28 U.S.C. §§1331, 1337, and 1367.

4.     Plaintiff, ROCIO BEDOYA (hereinafter referred to as

"Plaintiff" or "ROCIO BEDOYA"), brings this action for illegal practices of

Defendant DYCK-O'NEAL, who used false, deceptive and misleading

practices, and other illegal practices, in connection with its attempts to collect

an alleged debt from the Plaintiff.

5.     Plaintiff alleges that DYCK-O'NEAL, its debt collector

employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act,

Fla. Stat. §§ 559, et seq. ("FCCPA").

6.     The FDCPA regulates the behavior of collection agencies

attempting to collect a debt on behalf of another.   The United States

Congress has found abundant evidence of the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors, and has determined

that abusive debt collection practices contribute to a number of personal

bankruptcies, marital instability, loss of jobs, and invasions of individual

privacy.   Congress enacted the FDCPA to eliminate abusive debt collection

practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.   The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer."   *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

8.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct.   15 U.S.C. § 1692d(1)-(6).

9.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

## I. PARTY-PLAINTIFF

10.     ROCIO BEDOYA is a natural person who, at all times relevant to this complaint, resided in the Kissimmee, Florida.

11.     ROCIO BEDOYA is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.

12.     ROCIO BEDOYA is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

13.     ROCIO BEDOYA is alleged to have incurred a financial obligation to Fairwinds Credit Union for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).


## II.  PARTY-DEFENDANT

14.     DYCK-O'NEAL is, at all times relevant to this complaint, a for-profit corporation and collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

15.   DYCK-O'NEAL is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

16.   DYCK-O'NEAL is engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by 15 Fla. Stat. § 559.55(7).

## IV. FACTS

17.   Sometime prior to October 1, 2012, Plaintiff ROCIO BEDOYA allegedly incurred a financial obligation to Fairwinds Credit Union and is alleged to have defaulted on that obligation.

18.   The foregoing alleged financial obligation owed to Fairwinds Credit Union is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

19.   ROCIO BEDOYA is informed and believes that sometime prior to October 1, 2012, Fairwinds Credit Union either directly or through mesne transactions assigned, placed, transferred, or sold the alleged debt to DYCK-O'NEAL for collection.

20.   At all times material hereto, the Defendant was a "creditor" as that term is defined by Section 803 (4) of the FDCPA, 15 U.S.C. §1692a(4) .

21.   Defendant regularly uses the mails and telephone in a business the

principal purpose of which is the collection of debts.

22.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

23.    From approximately October 1, 2012 until the present, Defendant has made numerous telephone calls to Plaintiff from the following telephone numbers:   (972) 982-0370.

24.    On October 9, 2012 Defendant's employee called the Plaintiff and said they wanted to speak with her about her foreclosure matter.   In this telephone conversation, the Defendant's employee identified herself as calling from "Dyck O'Neal."

25.    This statement about foreclosure was false, misleading and deceptive.

26.    The telephone call to the Plaintiff on October 9, 2012, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

27.    The allegations in paragraphs 1 through 26 are incorporated by reference herein.

28.     The communication from the Defendant was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>       *        *        *        *
>
> (2) The false representation of—
>
> (A ) the character, amount, or **legal status of any debt**; (emphasis supplied).

29.     The acts and omissions of Defendant's agents, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P.  38.

WHEREFORE, Plaintiff prays for this Court:

a.     To declare that Defendant has violated the FDCPA;

b.     To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

c.     To award the Plaintiff statutory damages not to exceed $1,000.00;

d.     To award Plaintiff reimbursement for such expenses as have been

required to expend to prosecute this claim;

    e.      To award Plaintiff   his his reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

    f.      To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

30.    The allegations in paragraphs 1 through 26 are incorporated by reference herein.

31.    Plaintiff, ROCIO BEDOYA, is an individual who resides in Osceola County, Florida.

32.    Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

33.    Defendant is a person as defined in §1.01(3), Fla. Stat.

34.    Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees,   servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

35.    Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

36.     Defendant DYCK-O"NEAL. is a registered foreign corporation,

engaged in collecting debts in this state with its principal place of business located in

Arlington, Texas.

37.     Defendant is a person as defined in §1.01(3), Fla. Stat.

38.     Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts,
no person shall:

\*               \*               \*

(9)    Claim, attempt, or threaten to enforce a debt when such
person knows that the debt is not legitimate, or assert the
existence of some other legal right when such person knows that
the right does not exist.

39.     Defendant has knowledge and control of the collection activities of its

agents and representatives, including but not limited to supervisors, managers,

affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors,

assignees, transferees, collectors and/or contractors, for the alleged debt that is the

subject of this lawsuit.

40.     The tactics employed by Defendant have caused Plaintiff considerable

worry, embarrassment, frustration, anger, distress, and concern that this

organization would go to this extent to collect a debt.

41.     The emotional distress has strained Plaintiffs relationships with family

and friends.

42.   Plaintiffs damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

43.   All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

44.   Plaintiff is a consumer and the obligation between the parties which is the debt owed pursuant to the subject note is a consumer debt as defined in Fla. Stat. §559.55(1).

45.   Fla. Stat. §559.72(7) provides:

In collecting consumer debts, no person shall:

(7)   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46.   Inasmuch as the Defendant's claims did not apply to Plaintiff, they were reasonably expected to abuse or harass the Plaintiff.

47.   Inasmuch as the Defendant's claims did not apply to Plaintiff, they were not legitimate debts.

48.   Fla. Stat. §559.72(9) provides:

In collecting consumer debts, no person shall:

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

49.   Inasmuch as the Defendant's claims did not apply to Plaintiff, the debt is not legitimate.

50.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51.   As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

52.   Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

53.   Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B.   That Defendant be enjoined from any and all further illegal collection practice.

C.   Actual damages pursuant to Fla. Stat. §559.77(2).

D.   Statutory damages pursuant to Fla. Stat. §559.77(2).

E.      Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F.      For such other and further relief as may be just and proper.

   DATED this 22 January 2013.

N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address:   njtlaw@gmail.com